1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11    ROQUE SOLIS,                          Case No. CV 20-8474-DMG (ADS)

12                      Petitioner,

13              v.                          ORDER ACCEPTING UNITED STATES
                                            MAGISTRATE JUDGE'S REPORT AND
14    WARDEN RAYMOND MADDEN,                RECOMMENDATION

15                      Respondent.

16

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. No. 1),

18    Respondent's Answer (Dkt. No. 10), Petitioner's Reply (Dkt. No. 34), the Report and

19    Recommendation of the United States Magistrate Judge (Dkt. No. 36), Petitioner's

20    Objections (Dkt. No. 40), and all the records and files herein.  The Court has engaged in

21    a *de novo* review of those portions of the Report and Recommendation to which

22    objections were made and overrules the objections.  The Court accepts the findings and

23    recommendations of the Magistrate Judge.  For the sake of completeness and finality,

24    the Court addresses the arguments Petitioner raises in his Objections, below.

1    **1.    The Statements of Petitioner's Co-Defendants to the Police Informant**

2            **Were Not Testimonial.**

3            Contrary to Petitioner's arguments in his Objections (Dkt. No. 40 at 3-4), and as

4    stated in the Report and Recommendation (Dkt. No. 36 at 6-8), the statements of

5    Petitioner's co-defendants to the police informant do not qualify as testimonial

6    statements such that their admission implicated Petitioner's rights under the

7    Confrontation Clause.  See Davis v. Washington, 547 U.S. 813, 825 (2006) ("statements

8    made unwittingly to a Government informant" and "statements from one prisoner to

9    another" are "clearly nontestimonial.").  Courts across the country concur.  See also

10    United States v. Saget, 377 F.3d 223, 229 (2d Cir. 2004) ("a declarant's statements to a

11    confidential informant, whose true status is unknown to the declarant, do not constitute

12    testimony within the meaning of Crawford") (Sotomayor, J.); United States v. Johnson,

13    581 F.3d 320, 325 (6th Cir. 2009) (same); United States v. Watson, 525 F.3d 583, 589

14    (7th Cir. 2008) (same); United States v. Udeozor, 515 F.3d 260, 270 (4th Cir. 2008)

15    (same); United States v. Underwood, 446 F.3d 1340, 1347 (11th Cir. 2006) (same);

16    United States v. Hendricks, 395 F.3d 173, 182-84 (3d Cir. 2005) (same).

17    **2.    Petitioner Has Not Established that His Co-Defendants' Statements**

18            **Were Coerced.**

19            Next, the Court is not persuaded by Petitioner's arguments in the Objections that

20    the informant coerced the statements of Petitioner's co-defendant Gonzalez (Dkt. No. 40

21    at 6-8) and, therefore, accepts the analysis in the Report and Recommendation on this

22    issue (Dkt. 36 at 11).

23    ///

24    ///

1   **3.     Any Federal Constitutional Question Arising from Petitioner's**

2   **Argument Regarding the Admission of Evidence Lacks Merit.**

3   Petitioner also objects to the Report and Recommendation rejecting as not

4   cognizable Petitioner's claim regarding the admission of Gabriel's statements under the

5   statement against penal interest exception to California's hearsay rule.  (Dkt. No. 40 at

6   9-11).  To the extent Petitioner's claim regarding the admission of this evidence could

7   raise questions of federal constitutional significance, his claim lacks merit.

8   Any argument that the admission of Gabriel's statements violated Petitioner's

9   right to due process does not warrant relief here because there is no violation of clearly

10  established federal law.  Although the Supreme Court stated in Williams v. Taylor, 529

11  U.S. 362, 375 (2000), that habeas relief should be granted when constitutional errors

12  have caused a trial to be fundamentally unfair, the Supreme Court has not yet made a

13  clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due

14  process violation sufficient to warrant habeas relief.  See Holley v. Yarborough, 568 F.3d

15  1091, 1101 (9th Cir. 2009) (noting that the Supreme Court has not yet clearly ruled that

16  the admission of irrelevant or overtly prejudicial evidence constitutes a due process

17  violation).  Absent such "clearly established Federal law," the state courts' denial of

18  Petitioner's claim could not be an unreasonable application of Supreme Court

19  precedent.  Wright v. Van Patten, 552 U.S. 120, 126 (2008) (where Supreme Court's

20  cases give no clear answer to the question presented, state court's rejection of

21  petitioner's claim did not constitute an unreasonable application of clearly established

22  Federal law).

23  Petitioner's claim still would fail even if the Court could consider it under Ninth

24  Circuit precedent, which states that "[o]nly if there are no permissible inferences the

1   jury may draw from the [disputed] evidence can its admission violate due process."

2   Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).  The California Court of

3   Appeal found on direct appeal that the trial court did not err under state law by

4   admitting Gabriel's statements.  (Dkt. No. 11-23 at 26-32.)  This Court must defer to the

5   state court's interpretation of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005)

6   ("a state court's interpretation of state law, including one announced on direct appeal of

7   the challenged conviction, binds a federal court sitting in federal habeas").  Having been

8   properly admitted under state law, the jury could have inferred from Gabriel's

9   statements that he committed the crime with Petitioner and Gonzalez.

10   **4.      Instructional Error**

11       The Court also is not persuaded by Petitioner's arguments in the Objections

12   regarding his instructional error claims.  (Dkt. No. 40 at 11-14).

13       To the extent Petitioner argues that he was denied due process by the trial court's

14   failure to instruct the jury regarding the corroboration of accomplice testimony (Dkt.

15   No. 40 at 12), his claim lacks merit.  Although California law requires corroboration of

16   accomplice testimony, such corroboration is not constitutionally mandated.  See United

17   States v. Augenblick, 393 U.S. 348, 352 (1969) ("When we look at the requirements of

18   procedural due process, the use of accomplice testimony is not catalogued with

19   constitutional restrictions."); see also Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir.

20   2000) (P.C. § 1111 "is a state law requirement that a conviction be based on more than

21   uncorroborated accomplice testimony. . . .  As a state statutory rule, and to the extent

22   that the uncorroborated testimony is not 'incredible or insubstantial on its face,' the rule

23   is not required by the Constitution or federal law.") (citations omitted); Jones v. Uribe,

24   No. CV 12-944-GW (MRW), 2013 WL 6050381, at *7 (C.D. Cal. Nov. 11, 2013) ("[T]he

1   issue of corroborating an alleged acomplice is a matter of state statutory law that raises

2   no federal question.  The failure to give the requested instruction here cannot, on its

3   own, violate the Constitution.").  Indeed, under federal law, "[t]he uncorroborated

4   testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or

5   insubstantial on its face."  United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir.

6   1993).

7          To the extent Petitioner challenges the Report and Recommendation's analysis

8   with respect the trial court's jury instruction regarding adoptive admissions (Dkt. 40 at

9   12-14), the Court accepts the conclusion in the Report and Recommendation that

10  Petitioner's argument raises issues of state law only that are not cognizable on federal

11  habeas review (Dkt. No. 36 at 13-14).  Moreover, the California Court of Appeal held on

12  direct appeal that the instruction accurately reflected state law and that the instruction

13  was applicable under the facts of this case.  (Dkt. No. 11-23 at 38-40).  The Court defers

14  to the state court's application and interpretation of state law.  See Bradshaw v. Richey,

15  546 U.S. at 76.  This proper issuance of the jury instruction could not have rendered

16  Petitioner's trial so fundamentally unfair as to violate due process.  Spivey v. Rocha, 194

17  F.3d 971, 976-77 (9th Cir. 1999) (rejecting due process challenges to state jury

18  instructions where the instructions were correct statements of the law).

19  **5.      Cumulative Error**

20         Finally, to the extent Petitioner raises arguments that the cumulative impact of

21  the errors alleged warrants federal habeas relief (Dkt. No. 40 at 9-11, 13), his arguments

22  fail.

23         Cumulative error applies where, "although no single trial error examined in

24  isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple

1    errors may still prejudice a defendant." <u>Mancuso v. Olivarez</u>, 292 F.3d 939, 957 (9th

2    Cir. 2002), as amended June 11, 2002 (quoting <u>United States v. Frederick</u>, 78 F.3d 1370,

3    1381 (9th Cir. 1996)) (internal quotation marks omitted).  However, where no error lies

4    with each alleged claim taken separately, there also rests no cumulative error.  <u>See</u>

5    <u>Mancuso</u>, 292 F.3d at 957 ("Because there is no single constitutional error in this case,

6    there is nothing to accumulate to a level of a constitutional violation.").

7         As explained herein and in the Report and Recommendation, the Court finds no

8    constitutional error.  Accordingly, there are no errors to accumulate.

9         Accordingly, IT IS HEREBY ORDERED:

10        1.  The Court approves and accepts the Report and Recommendation of the

11            United States Magistrate Judge (Dkt. No. 36);

12        2.  The Petition is denied and this case is dismissed with prejudice; and

13        3.  Judgment is to be entered accordingly.

14

15   DATED:  March 27, 2023                    _____
                                               DOLLY M. GEE
16                                             UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

6